# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Innovative Masonry Restoration LLC d/b/a Innovation Masonry Restoration of WI, LLC, | Case No.: 2:18-cv-1877 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Milwaukee County, | |
| Defendant. | |

Plaintiff Innovative Masonry Restoration LLC d/b/a Innovation Masonry Restoration of WI, LLC ("Plaintiff"), by and through its attorneys, Best & Flanagan, LLP, as and for its Complaint against Defendant, Milwaukee County, states and alleges as follows:

## NATURE OF ACTION

1. This is an action for a breach of contract and declaratory judgment arising from Plaintiff's construction work under an agreement between Plaintiff and Milwaukee County.

## THE PARTIES

2. Plaintiff is a Minnesota limited liability company duly organized and existing under the laws of the State of Minnesota, with a principal place of business at 16264 Lakeside Avenue SE, Prior Lake, Minnesota 55372.

1

3. Plaintiff is registered to do business in the state of Wisconsin and is the business of restoring, repairing, and maintaining the interiors and exteriors of buildings comprised of masonry, brick, concrete, and other materials.

4. Plaintiff has two members, David Laporte and Jim Dolby.

5. David Laporte is a Minnesota citizen residing at 16264 Lakeside Avenue SE, Prior Lake, Minnesota 55372.

6. Jim Dolby is a Minnesota citizen residing at 6160 150th Street SE, Prior Lake, Minnesota 55372.

7. Defendant Milwaukee County is a Municipal Corporation, authorized to sue and be sued, organized under the laws of the State of Wisconsin. Milwaukee County's principal place of business is located at 901 North 9th Street, Suite 210, Milwaukee, Wisconsin 53233.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. §1332(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendant Milwaukee County is a resident of this District and a substantial part of the events giving rise to these claims occurred in Milwaukee County.

# FACTS

10. On January 16, 2018, Milwaukee County entered into an agreement with Plaintiff (the "Contract") for Plaintiff to provide certain masonry labor and furnish materials, tools, and equipment on a unit price basis for the Milwaukee County Courthouse Basement Tunnel Wall Repairs project located in Milwaukee, Wisconsin, Project Code WC 095012 (the "Project"). A true and correct copy of the Contract, including its General Conditions and Supplementary Conditions, is attached as **Exhibit A**.

11. Under the Contract, Milwaukee County agreed to pay Plaintiff $754,706.00 ("Contract Sum") in exchange for Plaintiff furnishing the labor and materials per the Contract's plans, specifications and other documents.

12. Section 8.04 of the Contract requires Milwaukee County to make payments to Plaintiff "promptly when they are due as provided in paragraphs 14.02.C and 14.07.C" of the Contract.

13. The Contract Sum was based upon the estimated Project quantities provided by Milwaukee County and its engineering consultant, Graef-USA, Inc. ("Graef").

14. Pursuant to Section 11.03 of the Contract's Supplementary Conditions, the Contract Sum is subject to adjustment if the actual quantities of work differ by more than 25 percent from the estimated quantity of such item.

15. On or around March 20, 2018, Plaintiff provided Milwaukee County with notice that the Contract Sum did not account for mobilization and general conditions costs and requested an adjustment in accordance with Section 11.03 of the Contract's Supplementary Conditions.

16. Shortly thereafter, representatives from Plaintiff and Milwaukee County met and agreed that the Contract Sum would be adjusted to allow Plaintiff to recover its mobilization and general conditions costs.

17. In addition to the mobilization and general conditions costs, Plaintiff provided written and verbal notice to Milwaukee County that the actual quantities on the interior tunnel work were more than 25% less than the estimated quantity for that work.

18. On May 12, 2018, after meeting with Milwaukee County representatives, Plaintiff submitted a written notice of claim pursuant to Section 10.05.A of the Contract's General Conditions. A true and correct copy of Plaintiff's written notice of claim is attached as **Exhibit B**.

19. Plaintiff's written notice of claim explained the rationale behind Plaintiff's request and included a spreadsheet setting forth Plaintiff's proposed unit price adjustments.

20. On June 12, 2018, Graef's representative Jason Gross informally responded to Plaintiff's notice of claim. A true and correct copy of Graef's informal

4

response is attached as **Exhibit C.** In Graef's June 12th response, Mr. Gross conceded that Graef's estimated quantities for the Project were incorrect, stating "[w]e all recognize there is an issue with the unit quantities on the bid form and bid documents compared to the measured field quantities."

21. Instead of providing a unit price adjustment, Mr. Gross stated that "[i]t is premature to settle this now" and that "I have every confidence that adjustments will be discussed and settled at a later date."

22. On June 25, 2018, Plaintiff sent Milwaukee County and Graef a letter requesting a decision on Plaintiff's written notice of claim pursuant to Section 10.05A of the Contract's General Conditions.

23. Milwaukee County did not respond to Plaintiff's request.

24. On October 9, 2018, Plaintiff sent Milwaukee County and Graef another letter and enclosed a spreadsheet setting forth Plaintiff's entitlement to an additional $202,843.47 under the Contract as a result of the unit price work differing by more than 25 percent from the estimated quantities set forth in the Contract. True and correct copies of Plaintiff's last submittal of claim letter and spreadsheet are attached as **Exhibit D**.

25. Plaintiff specifically noted in its October 9, 2018 letter that its spreadsheet constituted Plaintiff's "last submittal of the claimant" under Section 10.05 of the Contract.

5

26. This same day, Graef responded to Plaintiff's letter by notifying Plaintiff that Graef was not Milwaukee County's "ENGINEER" as that term is defined under the Contract, and therefore any response to Plaintiff's last submittal would have to come from Milwaukee County's designated representative Kevin Lenius.

27. Because Plaintiff's October 9, 2018 letter and accompanying spreadsheet constituted Plaintiff's last submittal, Section 10.05(B) of the Contract required Milwaukee County to provide a final, formal written decision within 30 days of receiving Plaintiff's last submittal.

28. Section 10.05(C) of the Contract goes on to state that if Milwaukee County did not render a formal decision in writing within the 30 days in Section 10.05(B), then "a decision denying the Claim in its entirety shall be deemed to have been issued 31 days after receipt of the last submittal of the claimant…"

29. Milwaukee County did not render a formal, written decision by November 10, 2018. Instead, Milwaukee County sent a Plaintiff a "Seven Day Notice Letter" on November 12, 2018, threatening to remove Plaintiff from the Project because of delays to and a lack of progress on the Project. This was the first time Milwaukee County had ever told or provided any sort of notice to Plaintiff regarding the Project's delays or perceived lack of progress.

6

30. Plaintiff responded to Milwaukee County's Seven Day Notice Letter on November 15, 2018, and in accordance with Section 10.05B(2), submitted its written notice of intention to appeal from Milwaukee County's decision to deny Plaintiff's $202,843.47 claim in its entirety.

31. The allegations in this Complaint show that despite Plaintiff's numerous requests, Milwaukee County and its agent Graef have refused to discuss or negotiate the unit price adjustments that Plaintiff is entitled to receive under the Contract.

32. Nevertheless, Plaintiff has provided the labor, services, and materials required under the Contract, all in a satisfactory and workmanlike manner.

## COUNT I
## DECLARATORY RELIEF

33. Plaintiff re-alleges each of the paragraphs above as if set forth in this count.

34. An actual controversy exists between Plaintiff and Milwaukee County as to the amount of the unit price adjustment required by Section 11.03 of the Contract's Supplementary Conditions.

35. It is Plaintiff's position that it is entitled to a unit price adjustment of at least $202,843.47 under the Contract.

36. Based on its failure to respond to Plaintiff's last submittal of claim, Milwaukee County's position appears to be that Plaintiff is not entitled to any unit price adjustment under the Contract.

37. Plaintiff has satisfied all of the Contract's notice and claim requirements, including the provisions set forth in Section 10.05(A)-(D) of the Contract.

38. Due to the above-referenced controversy, declaratory relief is both ripe and necessary to afford relief from uncertainty and insecurity regarding the rights, status, and other legal relations between Plaintiff and Milwaukee County under the Contract.

39. Plaintiff therefore requests a declaratory judgment finding that (i) Plaintiff and Milwaukee County agreed to a unit price adjustment, (ii) the actual quantities of work listed in Plaintiff's last submittal of claim differed by more than 25 percent from the estimated quantities originally set forth in the Contract, and (iii) Plaintiff is entitled to a unit price adjustment in an amount greater than $202,843.47.

## COUNT II
## BREACH OF CONTRACT

40. Plaintiff re-alleges each of the paragraphs above as if set forth in this count.

41. Plaintiff and Milwaukee County have a valid and enforceable contract, requiring Milwaukee County to pay Plaintiff for work performed under the Contract at the Project.

42. Plaintiff satisfactorily performed its obligations under the Contract in a good and workmanlike manner.

43. Milwaukee County has breached the Contract by failing to agree to a unit price adjustment as required by Section 11.03 of the Contract.

44. Specifically, Plaintiff has provided documentary evidence and Milwaukee County's agent Graef has conceded that the unit quantities in the Contract are different then the measured field quantities.

45. Nevertheless, Milwaukee County, through its agent Graef, told Plaintiff without any contractual justification that Plaintiff must wait to have this issue "settled at a later date."

46. Despite Plaintiff's numerous requests, Milwaukee County has made no effort to resolve Plaintiff's unit price adjustment claim.

47. Plaintiff has suffered damages in excess of $202,843.47, plus interests and costs, as a direct and proximate result of Milwaukee County's material breach of the Contract, with the exact amount to be determined at trial.

**WHEREFORE**, Plaintiff requests that the Court enter an Order as follows:

1. Issuing a declaratory judgment that (i) Plaintiff and Milwaukee County agreed to a unit price adjustment, (ii) the actual quantities of work listed in Plaintiff's last submittal of claim differed by more than 25 percent from the estimated quantities originally set forth in the Contract, and (iii) Plaintiff is entitled to a unit price adjustment in an amount greater than $202,843.47;

2. Awarding Plaintiff damages in excess of $202,843.47;

3. Awarding prejudgment interest of at least five percent under Wis. Stat. §138.04; and

4. Awarding Plaintiff all such other and further relief as the Court deems just and proper.

BEST & FLANAGAN LLP

Dated: November 29, 2018

By: s/ Edward P. Sheu
Edward P. Sheu (#1049835)
60 S. Sixth Street, Suite 2700
Minneapolis, MN 55402
(612) 339-7121
(612) 339-5897 (fax)
esheu@bestlaw.com

*Attorney for Plaintiff Innovative Masonry Restoration LLC d/b/a Innovation Masonry Restoration of WI, LLC*

5339513_5